UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CARTER MIKELL, | ) | C/A No. 4:09-3165-JFA-TER |
| # 250411, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| vs | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| LEROY CARTLEDGE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

I.    **INTRODUCTION**

Petitioner, Christopher Carter Mikell, (Petitioner/Mikell) is an inmate in the custody of the

South Carolina Department of Corrections (SCDC). Petitioner, appearing pro se, filed his Petition

for a  writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 9, 2009.  Respondent filed

a Motion for Summary Judgment (Document # 16) on March 4, 2010, along with a Return and

supporting Memorandum.  The undersigned issued an order pursuant to  Roseboro v. Garrison, 528

F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the

possible consequences if he failed to file a response.  Petitioner filed a Response (Document # 24)

in opposition to the Motion for Summary Judgment on March 29, 2010.

This habeas corpus case was automatically referred to the undersigned United States

Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC.

Because this is a dispositive motion, this report and recommendation is entered for review by the

district judge.

II.    **PROCEDURAL HISTORY**

The procedural history as set out by Respondent has not been seriously disputed by Petitioner.

Therefore, the undisputed procedural history as stated by Respondent is set forth herein. The records before the Court indicate that Petitioner is currently incarcerated at the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to Orders of Commitment of the Clerk of Court for Richland County. The Richland County Grand Jury indicted Petitioner for possession with intent to distribute-marijuana-third (03-GS-40-11654), trafficking in crack cocaine-third (03-GS-40-11655) and unlawful carrying of a pistol (03-GS-40-11656). Jason Chehoski, Esquire and Megan Schwerd (Wines) Esquire, represented the Petitioner.

### A.     The Trial

Petitioner proceeded to trial on October 13, 2003 and was convicted by a jury on October 15, 2003. The trial judge, the Honorable Thomas W. Cooper, Jr., sentenced Petitioner to confinement for five (5) years for possession with intent to distribute marijuana, one (1) year for carrying a pistol, and twenty-five (25) years and Fifty-thousand ($50,000) dollars for trafficking in crack cocaine, third offense.

### B.     The Direct Appeal

A timely Notice of Appeal was filed on Petitioner's behalf and an appeal was perfected by way of an Anders[1] brief to the South Carolina Court of Appeals. In the Anders brief, Petitioner alleged the following issue on appeal:

Did the trial court err in refusing to direct a verdict of acquittal on the charge nor substantial circumstantial evidence that appellant knew of the crack cocaine or any evidence that he exercised dominion and control over the crack cocaine?

Petitioner was represented in the appeal by Eleanor Duffy Cleary. Ms. Cleary certified to the South Carolina Supreme Court that the appeal was without merit and asked to be relieved as counsel.

---

[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967).

The South Carolina Court of Appeals affirmed Petitioner's conviction and sentence by written Order. State v. Mikell, Op. No. 05-UP-462 (Ct. App. filed July 26, 2005). The Remittitur was issued August 11, 2005.

### C.     The PCR Action

Petitioner filed a post-conviction relief (PCR) application on February 16, 2005 (2005-CP-40-725)2, and filed amended applications on September 11, 2006; November 30, 2006, and February 27, 2007. The State filed a Return on October 21, 2005. An evidentiary hearing was held on April 18, 2007 before the Honorable William P. Keesley, Circuit Court Judge ("the PCR Court").

Petitioner was present at the hearing and represented by Heather M. Cairns, Esquire. The State was represented by Assistant Attorney General Robert L. Brown. At the hearing, Petitioner testified in his own behalf. Testifying on behalf of Respondent was Petitioner's trial attorney Jason Chehoski. On May, 8, 2007, the PCR Court filed an Order denying and dismissing Petitioner's PCR application with prejudice.

### 1.     Issues Raised at PCR

In its Order of Dismissal, the PCR Court noted Petitioner alleged in his most recent application, which incorporated allegations from his previous filings, that he was being held in custody unlawfully for the following reasons:

> 1. "Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to fully explain to the Applicant the nature of the evidence, likely testimony against him at trial and the near impossibility of a not-guilty finding by the jury;"
> 2. "Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to explain constructive possession as it applied to this case;"
> 3. "Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to explain the inadmissibility of the co-defendant's guilty plea;"
> 4. "Applicant was denied the effective assistance of trial counsel due to trial

-3-

counsel's failure to explain the lack of effect of the co-defendant's guilty plea to possession of the crack cocaine prior to Applicant's trial on the State's ability to seek a verdict on the same charge;"

5. "Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to object to the Solicitor's inaccurate statement during closing that the co-defendant's "case will be disposed at another time" Trial Transcript, page 326, lines 14-15, when co-defendant had pled to the charges six months before trial;"

6. "Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to suppress the evidence found after entry onto private property, without a search warrant and without probable cause;"

7. "Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to use professionally reasonable means of providing advice to the Applicant that his rejection of the plea offer was completely against the advice of counsel;"

8. "Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to explain the option of accepting the plea offer under North Carolina v. Alford, 400 U.S. 25 (1970);"

9. "Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to cross examine Deputy Brown of the Richland County Sheriff's Department regarding who had possession of the crack cocaine;"

10. "Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to call co-defendant as a witness to rebut the State's allegation of constructive possession of the crack cocaine when the codefendant pled guilty to possession of the crack cocaine six months prior to trial."

PCR Order of Dismissal, pp. 2-3.

## 2.    Findings of Fact and Conclusions of Law

In the Order of Dismissal, the PCR court noted it had the opportunity to review the record in its entirety and had heard the testimony at the post-conviction relief hearing. Id. at p. 3. The court also noted it further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Id. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. § 17-27-80 (1985).

The PCR court pointed out that in a post-conviction relief action, the applicant (Petitioner)

-4-

had the burden of proving the allegations in the application. Id. at p. 4 (citing Rule 71.1(e), SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985)). The court also pointed out that where ineffective assistance of counsel is alleged as a ground for relief, the applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Id. (quoting Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984); Butler, 286 S.C. 441, 334 S.E.2d 813 (1985)).

The PCR court noted the proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Id. The court also noted that courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. (citing Butler, 286 S.C. 441, 334 S.E.2d 813 (1985)). The PCR court pointed out the applicant must overcome this presumption to receive relief. Id. (citing Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989)).

The PCR court noted courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. Id. First, the applicant must prove that counsel's performance was deficient. Id. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Id. (quoting Cherry, 300 S.C. at 117, 385 S.E.2d at 625 (citing Strickland)). Second, counsel's deficient performance must have prejudiced the applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quoting Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625).

As to the allegation that Petitioner was denied the effective assistance of trial counsel due to trial counsel's failure to call co-defendant as a witness to rebut the State's allegation of

constructive possession of the crack cocaine when the co-defendant pled guilty to possession of the crack cocaine six months prior to trial[2], the Court found this claim was without merit. Id. at p. 8. The PCR court pointed out and found that Petitioner did not present testimony from the co-defendant so it would be pure speculation for the PCR court to ponder as to what the co-defendant might have testified. Id. at p. 9. The PCR court pointed out that prejudice from trial counsel's failure to interview or call witnesses cannot be shown where the witnesses do not testify at post conviction relief. Id. (citing Underwood v. State, 309 S.C. 560, 425 S.E.2d 20 (1992); Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), cert. denied, 499 U.S. 982 (1991)). The PCR court pointed out that Petitioner's mere speculation as to what a witnesses' testimony would have been cannot, by itself, satisfy his burden of showing prejudice. Id. (citing Clark v. State, 315 S.C. 385, 434 S.E.2d 266 (1993); Glover v. State, 318 S.C. 496, 458 S.E.2d 538 (1995)). The PCR court also pointed out that an applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial. Id. (citing Bannister v. State, 333 S.C. 298, 509 S.E.2d 807 (1998)). As discussed above, the PCR court found and concluded Petitioner had failed to carry his burden. Id.

### 3.    Conclusion to the Order of Dismissal

The PCR court found and concluded that Petitioner had failed to establish any constitutional violations or deprivations that would require the court to grant his application and, therefore, denied and dismissed with prejudice his application for PCR. Id.

---

[2]In the Order of Dismissal, the court addressed each of the allegations found to be raised by Petitioner. However, this court will address only those allegations relevant to this habeas action.

-6-

Except as to the issues found to be raised by Petitioner, the court found that Petitioner failed to raise the remaining allegations set forth in his application at the hearing and had, thereby, waived them. Id. The court pointed out that a waiver is a voluntary and intentional abandonment or relinquishment of a known right. Id. (citing Janasik v. Fairway Oaks Villas Horizontal Property Regime, 307 S.C. 339, 415 S.E.2d 384 (1992)). The court also pointed out that a waiver may be express or implied. Id. "'An implied waiver results from acts and conduct of the party against whom the doctrine is invoked from which an intentional relinquishment of a right is reasonably inferable." Id. at pp. 9-10 (quoting Lyles v. BMI, Inc., 292 S.C. 153, 158-59, 355 S.E.2d 282 (Ct. App. 1987)). The court found Petitioner's failure to address these issues at the hearing indicated a voluntary and intentional relinquishment of his right to do so. Id. at p. 10. Therefore, any and all remaining allegations were denied and dismissed. Id.

The court advised Petitioner that he must file and serve a notice of appeal within thirty (30) days from the receipt by counsel of written notice of entry of judgment to secure the appropriate appellate review. Id. (referencing Rule 203, SCACR). The court noted that pursuant to Austin v. State, 305 S.C. 453 (1991), an applicant has a right to an appellate counsel's assistance in seeking review of the denial of PCR. Id. The court also noted that Rule 71.1(g), SCRCP, provides that if the applicant wishes to seek appellate review, PCR counsel must serve and file a Notice of Appeal on the applicant's behalf. Petitioner's attention was directed to South Carolina Appellate Court Rule 227 for the appropriate procedures for appeal. Id. It was therefore ordered: 1. That the application for post-conviction relief was denied and dismissed with prejudice; and 2. That Petitioner be remanded to the custody of the Respondent for completion of his sentence. Id.

### D.    The Appeal from the Denial of PCR

Petitioner appealed the denial of his post-conviction relief application to the South Carolina Supreme Court by way of a Petition for Writ of Certiorari. In the Petition for Writ of Certiorari, Petitioner raised one issue:

Did the PCR Court err by not finding counsel ineffective for failing to contact co-defendant as a potential witness when co-defendant had pled guilty to possession of the drugs prior to Petitioner's trial for the same drugs?   See Petition for Writ of Certiorari, page 2.

Petitioner was represented in this appeal by Lanelle C. Durant, Assistant Appellate Defender. The State filed a Return to the Petition for Writ of Certiorari. The State was represented by Assistant Attorney General Brian Petrano. The case was transferred to the South Carolina Court of Appeals by Order of the South Carolina Supreme Court. On June 5, 2009, in a one page Order, the South Carolina Court of Appeals denied the Petition for Writ of Certiorari. The Remittitur was issued on June 23, 2009. This federal habeas petition followed.

## III.    GROUNDS FOR RELIEF

In his Petition, Petitioner states the following Grounds for relief:

**Ground one**: Applicant was denied 5 and 14 Amendment
**Supporting facts**: Applicant was denied 5 and 14 amendment of the Unites States Constitution. Be being violated of Rule 5 Motion of Discovery. Where prosecutor did not turn over exculpatory evidence to the defense team for Mr. Mikell, so they could put together a proper defense on Mr. Mikell's behalf. Which is in violation. The prosecution knew of this exculpatory evidence because Detrick Lake was the same prosecutor who took my co-defendant's plea of actual possession on 3/27/03. Had the jury been able to visually see that co-defendant had pled guilty to actual possession of crack cocaine & marijuana 7 months prior to Mr. Mikell's trial it could have at least raised, "reasonable doubt" if not absolved Mr. Mikell.

**Ground two**: Applicant's Sixth Amendment of the United States Constitution was violated.

-8-

**Supporting facts**: Applicant's Sixth Amendment was violated by way of applicant being denied compulsory process where Mr. Mikell, asked trial counsel and PCR counsel to subpoena (co-defendant) Mr. Martin as a favorable witness to testify at the proceedings, to the charges that he pleaded to on 3/27/03. When Mr. Martin had pleaded to the crack cocaine and the marijuana seven months before Mr. Mikell's trial.

**Ground three**: Applicant's 14 and 5 Amendment to the United States Constitution was violated.

**Supporting facts**: Applicant's 14 and 5 amendment to the Unites States Constitution was violated by the way of the prosecutor committing prosecutorial misconduct and perjury where prosecutor said in closing arguments of initial trial that co-defendant's "case would be disposed of at another time" where he knew through a plea agreement he was dealt with prior to Mr. Mikell going to trial. Co-defendant had been dealt with on 3/27/03, and Mr. Mikell went to trial on 10/13/03.

Petition, pp. 6-10.

## IV.    SUMMARY JUDGMENT STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.

Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## V.     HABEAS CORPUS STANDARD OF REVIEW

Review of Petitioner's claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

-10-

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law.  See O'Brien v. DuBois, 145 F.3d 16 (1st  Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review.").  Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d).  See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).  In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable."  Id. at 1521.

## VI.    PROCEDURAL BAR

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### A.    Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions.  Applications for writs of habeas corpus are governed by 28 U.S.C.§ 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States."  The statute states in part:

-11-

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(I) there is either an absence of available State corrective process; or

(ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

(2)   An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3)   A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

-12-

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal, See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68,221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann.§17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). However, if petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. Rose 455 U.S. at 515.

## B.     Procedural Bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal

-13-

habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a

constitutional claim in earlier state proceedings forecloses consideration by the federal courts, <u>Smith</u>

<u>v. Murray</u>, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state

has procedural rules which bar its courts from considering claims not raised in a timely fashion. The

two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR

denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second

appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct

appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

        If the state courts have applied a procedural bar to a claim because of an earlier default in

the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of
> those decisions, by forcing the defendant to litigate all of his claims together, as
> quickly after trial as the docket will allow, and while the attention of the appellate
> court is focused on his case.

<u>Reed v. Ross</u>, 468 U.S. 1, 10-11 (1984).

        Although the federal courts have the power to consider claims despite a state

procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the
> defendant succeeds in showing both "cause" for noncompliance with
> the state rule and "actual prejudice" resulting from the alleged
> constitutional violation.

<u>Smith v. Murray</u>, <u>supra</u>, quoting <u>Wainwright v. Syke s</u>, 433 U.S. at 84; <u>see also Engle v. Isaac</u>, 456

U.S. 107, 135 (1982).

        Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the

claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be

ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

### C.     Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  A federal court is barred from considering the  filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert.denied, 118 S.Ct. 102 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996).

### D.     Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure,  Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and

Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In the case of Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied 517 U.S.1171 (1996), 116 S.Ct. 1575 (1996), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

**VII.    ANALYSIS**

Respondent argues that Grounds One and Three are procedurally barred.  In Ground One, Petitioner complains that the state did not turn over exculpatory evidence to his defense team  so that they could put together a proper defense on his behalf.  Petitioner did not raise this issue at trial nor was it raised in his Anders brief to the Court of Appeals.  Respondent asserts that Petitioner did raise this issue during his testimony to the PCR court, but it was not addressed by the court in its Order of Dismissal.  Further, Petitioner did not raise this issue in his appeal from the denial of his PCR application.

-16-

In Ground Three, Petitioner complains of prosecutorial misconduct where prosecutor said in closing arguments at trial that Petitioner's co-defendant's "case would be disposed of at another time" even though he knew the co-defendant had already entered a guilty plea. Counsel for Petitioner did preserve this issue at trial with a trial objection. However, it was not raised on direct appeal. Although Petitioner did raise this issue during his testimony to the PCR court, it was not addressed in the court's Order of Dismissal and Petitioner did not raise the issue in his appeal.

Because these issues were not raised in or ruled upon by the state court, the issues are procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640, (1991).[3] As to the procedural default, the Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden.

As to Ground One, Petitioner presents a letter from a law clerk with the division of appellate defense indicating that he questioned his counsel's decision not to argue this issue in the petition for writ of certiorari. However, Petitioner has failed to show that his counsel's decision not to include the issue amounts to ineffective assistance of counsel. Thus, Petitioner fails to show sufficient cause for the default of Ground One. Further, although Petitioner attempts to show cause for the procedural

---

[3]In South Carolina, a "direct appeal is the only avenue for trial related errors of a non-constitutional dimension." Kornahrens v. Evatt, 66 F.3d 1350, 1362 (4th Cir.1995) ( citing Simmons v. State, 254 S.C. 417, 215 S.E.2d 883, 885 (1975)). If "a defendant fails to raise a trial related error on direct appeal, he has defaulted the claim." Id. at 1363.

default of Ground Three, he simply reargues the same argument raised as to Ground One.

Accordingly, these Grounds are procedurally barred from consideration by this Court and should be

dismissed. Id.; see 28 U.S.C. 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir.1990), cert.

denied, 498 U.S. 1035, 111 S.Ct. 698, 112 L.Ed.2d 688 (1991) ("Neither cause without prejudice nor

prejudice without cause gets a defaulted claim into Federal Court."); Mazzell v. Evatt, 88 F.3d 263,

269 (4th Cir.), cert. denied, 519 U.S. 1016, 117 S.Ct. 527, 136 L.Ed.2d 414 (1996) (In order to show

prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors,

the result of the proceeding would have been different.); Wainwright, 433 U.S. at 84; Murray v.

Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 (a fundamental miscarriage of justice

occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the

conviction of one who is actually innocent") (citing Murray v. Carrier, 477 U.S. at 496); Sawyer v.

Whitley, 505 U.S. 333, 348, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992); Bolender v. Singletary, 898

F.Supp. 876, 881 (S.D.Fla.1995). Therefore, it is recommended that the Respondent's Motion for

Summary Judgment be granted with regards to Grounds One and Three.

 In Ground Two, Petitioner argues that his Sixth Amendment right to effective assistance of

counsel was denied where both trial counsel and PCR counsel failed to subpoena his co-defendant,

Mr. Martin, as a favorable witness where the co-defendant has pleaded guilty to possession of drugs

prior to Petitioner's trial for the same drugs.[4]

------

 [4]Respondent notes that the issue raised in his Petition for Writ of Certiorari from the
denial of his PCR is slightly different than the one raised here in Ground Two. In his Petition for
Writ of Certiorari, Petitioner states "Did the PCR Court err by not finding counsel ineffective for
failing to contact co-defendant as a potential witness when co-defendant had pled guilty to
possession of the drugs prior to Petitioner's trial for the same drugs?" Petition for Writ of
Certiorari (emphasis added). In Ground Two, Petitioner states, "Applicant's Sixth Amendment
was violated by way of applicant being denied compulsory process where Mr. Mikell, asked trial

As an initial matter, the portion of Ground Two in which Petitioner asserts that his PCR counsel was ineffective is subject to dismissal. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254." 28 U.S.C.A. § 2254(i). Deficiencies in a post-conviction proceeding are not cognizable under 28 U.S.C. § 2254. Heyward v. Burtt, 2007 WL 2021888 (D.S.C. July 6, 2007) (citing Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir.1988). A habeas court cannot grant relief based on errors occurring during state collateral review proceedings. See Wright v. Angelone, 151 F.3d 151, 159 (4th Cir.1998). Accordingly, it is recommended that summary judgment be granted as to this portion of Ground Two.

Petitioner also complains that trial counsel was ineffective for failing to subpoena his co-defendant as a favorable witness. The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell

---

counsel and PCR counsel to subpoena (co-defendant) Mr. Martin as a favorable witness to testify at the proceedings, to the charges that he pleaded to on 3/27/03." Habeas Corpus Petition (emphasis added). The undersigned finds that the issues raised are sufficiently similar to satisfy the exhaustion requirement.

below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." <u>Turner v. Bass</u>, 753 F.2d 342, 348 (4th Cir.1985) (quoting <u>Strickland,</u> 466 U.S. at 688), <u>reversed on other grounds</u>, 476 U.S. 28, 106 S.Ct. 1683, 90 L.Ed.2d 27 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. <u>Strickland</u> requires that "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694.  The court further held that

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct ... the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.

<u>Id.</u> at 695.

A state court's finding on a claim of ineffective assistance of counsel is a combination of a finding of fact and a conclusion of law. Although applicable precedents may require this court under 28 U.S.C. § 2254, to make its own determination of both the performance and (if necessary) the "prejudice" components highlighted in <u>Strickland,</u> the historical facts decided by a court of a state in a claim of ineffective assistance of counsel remain subject to deference. <u>See</u> <u>Hoots v. Allsbrook</u>, 785 F.2d 1214, 1219 & n. 6 (4th Cir.1986).

As to the allegation that Petitioner was denied the effective assistance of trial counsel due to trial counsel's failure to call co-defendant as a witness to rebut the State's allegation of constructive possession of the crack cocaine when the co-defendant pled guilty to possession of the

crack cocaine six months prior to trial[5], the Court found this claim was without merit.  Id. at p. 8.

The PCR court pointed out and found that Petitioner did not present testimony from the co-defendant

so it would be pure speculation for the PCR court to ponder as to what the co-defendant might have

testified. Id. at p. 9. The PCR court pointed out that prejudice from trial counsel's failure to interview

or call witnesses cannot be shown where the witnesses do not testify at post conviction relief. Id.

(citing Underwood v. State, 309 S.C. 560, 425 S.E.2d 20 (1992); Bassette v. Thompson, 915 F.2d

932 (4th Cir. 1990), cert. denied, 499 U.S. 982 (1991)). The PCR court pointed out that Petitioner's

mere speculation as to what a witnesses' testimony would have been cannot, by itself, satisfy his

burden of showing prejudice. Id. (citing Clark v. State, 315 S.C. 385, 434 S.E.2d 266 (1993); Glover

v. State, 318 S.C. 496, 458 S.E.2d 538 (1995)). The PCR court also pointed out that an applicant

must produce the testimony of a favorable witness or otherwise offer the testimony in accordance

with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure

to testify at trial. Id. (citing Bannister v. State, 333 S.C. 298, 509 S.E.2d 807 (1998)). As discussed

above, the PCR court found and concluded Petitioner had failed to carry his burden. Id.

The undersigned concludes that the PCR court's determinations were not contrary to, nor did

they involve an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States.  Furthermore, the PCR court's determinations did not result in

a decision that was based on an unreasonable determination of the facts in light of the record.

Petitioner failed to present the co-defendant as a witness at the PCR hearing.  Thus, the PCR court

could not know to what the co-defendant would have testified had he been subpoenaed as a witness

---

[5]In the Order of Dismissal, the court addressed each of the allegations found to be raised
by Petitioner.  However, this court will address only those allegations relevant to this habeas
action.

at trial and whether any prejudice resulted from trial counsel's failure to call the co-defendant.

Underwood v. State, 309 S.C. 560, 425 S.E.2d 20 (1992); Bassette v. Thompson, 915 F.2d 932 (4th

Cir. 1990), cert. denied, 499 U.S. 982 (1991).  Accordingly, it is recommended that summary

judgment be granted as to Ground Two as well.

## VIII.  CONCLUSION

For the reasons discussed above, it is recommended that Respondent's Motion for Summary

Judgment (Document # 16) be granted and this Petition be dismissed.


         s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 25, 2011
Florence, South Carolina


**The parties are directed to the important notice on the following page.**