UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CHRISTOPHER CARTER MIKELL,            ) | C/A No. 4:09-3165-JFA-TER |
|                                       ) | |
|                   Petitioner,         ) | |
| v.                                    ) | ORDER |
|                                       ) | |
| LEROY CARTLEDGE,                      ) | |
|                                       ) | |
|                   Respondent.         ) | |
| _____) | |

The *pro se* petitioner, Christopher Mikell, is an inmate with the South Carolina Department of Corrections. He has filed this petition under 28 U.S.C. § 2254 challenging his state court conviction for drug trafficking and weapons charges.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests that the court should grant the respondent's motion for summary judgment.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation which was filed on January 25, 2011. The petitioner filed timely

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

objections, totaling 39 pages, which this court will address herein.

## PROCEDURAL HISTORY

Petitioner was indicted for possession with intent to distribute marijuana-third, trafficking in crack cocaine-third, and unlawful carrying of a pistol. He proceeded to trial and was convicted by a jury on October 15, 2001. He was sentenced to 40 years imprisonment.

The petitioner filed a direct appeal of his conviction by way of an *Anders* brief contending that the trial court erred in refusing to direct a verdict of acquittal on the cocaine trafficking charge where the State did not produce any direct or circumstantial evidence that petitioner knew of or had control over the crack cocaine. *Anders v. California*, 386 U.S. 738 (1967). The South Carolina Court of Appeals affirmed petitioner's conviction and sentence by written order on July 26, 2005.

Petitioner filed an application for post-conviction relief (PCR) on February 16, 2005 with subsequent amendments raising various grounds of ineffective assistance of trial counsel relating to counsel's explanation of trial components and plea advice, counsel's failure to object to prosecutor's statements and failure to call and cross examine witnesses. An evidentiary hearing was held, and the PCR court issued a written order denying the PCR.

The petitioner appealed the denial of his PCR to the South Carolina Supreme Court by way of a petition for a Writ of Certiorari. The one issue raised by petitioner was whether the PCR court erred by not finding counsel ineffective for failing to contact the petitioner's co-defendant as a potential witness when the co-defendant had pled guilty to possession of the drugs prior to the petitioner's trial for the same drugs. The case was transferred to the

Court of the Appeals who denied the writ on June 5, 2009.

## The AEDPA AND 28 U.S.C. § 2254

Petitioner filed his timely petition in this court on December 4, 2009. Therefore, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to this case. *See* 28 U.S.C. § 2244(d)(1).

## STANDARD OF REVIEW

The standard of review to be applied "is quite deferential to the rulings of the state courts." Pursuant to the standards set forth in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication: (1) 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' 28 U.S.C. § 2254(d)(1); or (2) 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' § 2254(d)(2)." *Burch v. Corcoran*, 273 F.3d 577, 583 (4th Cir. 2001).

The Supreme Court has explained that a State court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this court may not issue the writ even if it concludes in its own independent review, that the

3

relevant state court merely made an incorrect or erroneous application of the correct federal principles. *Id.* Demonstrating that a state court's decision is unreasonable requires overcoming "a substantially higher threshold" than simply demonstrating error. *Schriro v. Landigran*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410). "When assessing the reasonableness of the state court's application of federal law, the federal courts are to review the result that the state court reached, not whether [its decision] [was] well reasoned." *Larry v. Branker*, 552 F.3d 356, 365 (4th Cir. 2009) (citing *Wilson v. Ozmint*, 352 F.3d 847, 855 (4th Cir. 2003)).

PETITIONER'S CLAIMS

DISCUSSION

Petitioner sets forth three grounds for relief in this § 2254 petition: (1) the prosecutor failed to turn over exculpatory evidence before trial; (2) trial counsel and PCR counsel were ineffective for failing to subpoena the petitioner's co-defendant as a witness to testify at the trial and state PCR hearing; and (3) that there was prosecutorial misconduct and perjury when the state prosecutor said in closing arguments that petitioner's co-defendant's case would be disposed of at another time, despite knowing that a plea agreement had been entered into by the co-defendant.

*Grounds 1 and 3*

The Magistrate Judge suggests in his Report that Grounds 1 and 3 have been procedurally bypassed. Specifically, neither ground was raised by the petitioner on direct appeal of his conviction. Moreover, although the petitioner contends that he raised these issues before the state PCR judge, the PCR judge did not address either of these two Grounds

4

in his order denying relief, and the petitioner's appeal from the PCR judge's decision did not include these two issues either. On this record, the Magistrate Judge determines that these two Grounds (1 and 3) are procedurally defaulted under *Coleman v. Thompson*, 501 U.S. 722 (1991). The Magistrate Judge opines that as to this procedural default, the petitioner has not shown sufficient cause and prejudice to excuse the default. The petitioner defaulted his claims in state court pursuant to an independent and adequate state procedural rule and therefore, federal habeas review of these claims is barred.

In his objections to the Report on this issue, the petitioner takes great pains to recite the procedural history of the case, including the issues that were and were not raised at trial and at the PCR hearing. Unfortunately, the objections do not attempt to address the pivotal issue on which the Magistrate Judge recommended dismissal. As he did before the Magistrate Judge, the petitioner attaches a copy of a letter from a law clerk with the Office of Appellate Defense Counsel acknowledging that the petitioner sought to have his appellate counsel raise the *Brady* issue on appeal. The Magistrate Judge indicates in his Report that this does not demonstrate that counsel's decision not to include this issue on appeal amounts to ineffective assistance of counsel.

Other than again presenting the letter from the law clerk from Appellate Defense Counsel, the petitioner does not in any way attempt to refute the Magistrate Judge's suggestion that Grounds 1 and 3 are procedurally defaulted.

*Ground 2*

As to Ground 2, the Magistrate Judge determines that the issue is properly before this court, but also concludes that it lacks merit. The state PCR judge denied relief on Ground

5

2 because he determined that it would be pure speculation for the PCR court to predict whether the testimony of the co-defendant would have been exculpatory. The Magistrate Judge points out that the co-defendant was not called as a witness at the PCR hearing and that the petitioner had therefore failed to meet his burden of proof.

To the extent that the state PCR counsel can be faulted for failing to call the witness, the Magistrate Judge observes, correctly, that a habeas court cannot grant relief based upon errors occurring state collateral review proceedings. *Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998). The ineffectiveness or incompetence of counsel during federal or state collateral post-conviction proceedings shall not be a ground for relief in a federal habeas proceeding. *See* 28 U.S.C. 2254(i). There can be no right to effective assistance of counsel where there is no constitutional right to counsel. *Wainwright v. Torna*, 455 U.S. 586 (1982).

As to the underlying failure of trial counsel to subpoena the co-defendant, the PCR judge indicated that petitioner should have called him as a witness so that the court would have been apprised of what the testimony would have been and that the failure of the petitioner to do so is fatal to this claim.

In objecting to this portion of the Report, the petitioner again merely restates the basic claim without any effort to demonstrate why the state PCR judge's decision was one that was "contrary to or involved an unreasonable application of clearly established federal law." 28 U.S.C. § 2254(d)(1). The Magistrate Judge opines that the state PCR judge correctly applied the law of *Strickland v. Washington*, 466 U.S. 668 (1984) in terms of what constitutes ineffective assistance of counsel.

The PCR court pointed out that a PCR applicant must produce the testimony of a

6

favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness's failure to testify at trial. Here, the petitioner did not even make a proffer in terms of his own summary of what the co-defendant would have said if called as a witness at trial.

In his objection memorandum, the petitioner once again ignores the basic rationale relied upon by the Magistrate Judge to recommend dismissal of this claim. He merely reasserts his contentions that his trial counsel should have called the co-defendant who pled guilty to possessing the same contraband attributable to the petitioner in this case. Having tried many cases involving illegal controlled substances, this court is well familiar with the concept of constructive possession and joint possession, and merely because one occupant to a car takes responsibility for illegal substances does not mean that all the other occupants of the car are thereby absolved from any complicity in the crime. Had the petitioner produced the testimony of the co-defendant, or at least a proffer or an affidavit, he might have thereby established grounds to go forward with the claim. However, he has failed to do so, and the Magistrate Judge was unquestionably correct in recommending that this claim be dismissed.

CONCLUSION

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, respondent's motion for summary judgment is granted and the habeas petition is denied.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."  For this reason, and for those stated herein, the petitioner's motion for a certificate of appealability is denied.[3]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.* (signature)

Joseph F. Anderson, Jr.
March 16, 2011                                                                United States District Judge
Columbia, South Carolina

---

[3] On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255.